2 So.2d 902
### FERGUSON v. KNIGHT et al.
#### 7 Div. 662.

Supreme Court of Alabama.
June 13, 1941.

Reed & Reed, of Centre, for appellant.

Irby A. Keener, of Centre, for appellees.

FOSTER, Justice.

This case involves the custody of a twelve year old girl, born out of wedlock, and when a few months old placed in the custody of appellees by her mother, this appellant, and later by order of a juvenile court in Chattanooga, Tennessee. Respondents have had her custody since then. That court was declared unconstitutional, and due to economic conditions respondents removed with the child into Alabama about the year 1937, and have continued to reside here. This was not done with any improper motive.

The mother married a man, not the father of the child, from whom she has been divorced and is now receiving alimony of fifty dollars a month, and living with her father and brothers in Chattanooga. When the child was born the father of appellant became very angry and forced her to leave home with the child, and she placed it with appellees, who have had her in their custody ever since with a short intermission.

Appellant has shown a good character, and her father and brothers furnish her a good home. Her mother is dead. But she voluntarily surrendered the custody of the child to these appellees in its most tender and delicate condition in life. They have provided substantially all its needs since then. They are people of good character with no children; and have shown the tenderest possible care and attention, as if she were their own. They are tenant farmers, but produce enough to supply decent comforts for the child, and live in decent circumstances, where she attends school and church services pursuant to the customs of the community. The child was in .court and testified that she wished to remain with her foster parents. Her mother has seen her rarely, and the child has had no opportunity to form an attachment for her. There is every reason to believe that she is contented and well cared for.

The trial judge had all the witnesses and the child before him, heard their testimony and saw their personal bearing. He first made a decree allowing the mother to have the custody of the child for thirty days and carry her to Chattanooga, upon the juvenile court there taking jurisdiction and requiring appellant to give bond for the faithful performance of that decree, and assuring the Alabama court that its decree would be performed, and she would be returned to Alabama. That temporary provision was in all respects complied with, and she was returned to appellees in Alabama. Thereupon, the court entered its final decree from which this appeal was taken. Custody was thereby awarded appellees subject to the further orders of the court, ordering that appellant may visit her child in the home of appellees at reasonable and convenient intervals, reserving the right at any time to entertain a petition by appellant for an order for her temporary custody in like manner as had been theretofore decreed, ordering that neither party remove her from the jurisdiction of the court without its further order; and apportioning the costs equally between the parties, except that each was taxed with the costs of their witnesses respectively.

We think this decree was well considered and just in every respect, and within the power of the court.

It is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.